JOHN K. JORMAN, JR. AND AUDREY JORMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jorman v. Commissioner
Docket No. 11288-93
United States Tax Court
T.C. Memo 1994-613; 1994 Tax Ct. Memo LEXIS 621; 68 T.C.M. (CCH) 1435; December 14, 1994, Filed *621 Decision will be entered for respondent. John K. Jorman, Jr. and Audrey Jorman, pro sese. For respondent: Brian M. Harrington. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181 and 182. [1] Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1990 in the amount of $ 3,594. The issue for decision is whether petitioners' real estate activity was engaged in for profit in accordance with section 183, thereby allowing petitioners to deduct expenses attributable thereto under section 162. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. At the time their petition was filed, John K. Jorman, Jr. and Audrey Jordan (Ms. Jordan) resided in Kokomo, *622 Indiana, and Indianapolis, Indiana, respectively. References to petitioner in the singular refer to John K. Jorman, Jr. During 1990, petitioner worked full-time for Public Service of Indiana Energy as a customer service supervisor, and part-time for the Board of School Commissioners as a substitute teacher. Petitioner also held licenses to appraise, broker, and sell real estate, and performed some consulting work for the Indiana Department of Metropolitan Development, Division of Economic and Housing Development. During 1990, Ms. Jordan worked full-time for the State of Indiana as a social worker. In addition to his above employment, petitioner owned and operated "J.K. Jorman, Co." (the company), a sole proprietorship he founded in 1977, and later incorporated, to offer real estate, management, investment, development, and consulting services. Petitioner set aside one room in his apartment for the company's office and maintained a checking account in the company's name. He promoted the company's services through "word-of-mouth" and newspaper advertising. The company earned no income in 1990. On Schedule C of their 1990 Federal income tax return, petitioners reported zero *623 gross receipts for the company and claimed a deduction for expenses in the amount of $ 16,052. In the notice of deficiency, respondent determined that petitioners' real estate activity was not engaged in for profit and the expenses claimed lacked substantiation. Thus, respondent disallowed petitioners' Schedule C expenses in their entirety. Petitioners contend that they engaged in their real estate activity with the goal of making a profit and, therefore, are entitled to the expense deductions as claimed. Respondent's deficiency determination is presumed correct. Petitioners bear the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Furthermore, deductions are a matter of legislative grace, and a taxpayer must be able to show that the deduction sought comes within the express provisions of the statute. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). All taxpayers are required to keep sufficient records to enable the Commissioner to determine their correct tax liability. Sec. 6001; Menequzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). *624 Section 183 provides, in general, that an individual will not be allowed a deduction in excess of receipts attributable to an activity if such activity is not engaged in for profit. An activity not engaged in for profit is "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." Sec. 183(c). To be entitled to a deduction under section 183, a taxpayer must be engaged in the activity generating the expenses with an actual and honest objective of making a profit. Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. While a taxpayer's expectation of profit need not be reasonable, there must be a good faith objective of making a profit. Allen v. Commissioner, 72 T.C. 28, 33 (1979). The Supreme Court has stated that to be engaged in a trade or business, "the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be *625 for income or profit. A sporadic activity, a hobby, or an amusement diversion does not qualify." Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). The determination of whether the requisite profit objective exists depends upon all the surrounding facts and circumstances of the case. Golanty v. Commissioner, 72 T.C. 411 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. Greater weight is to be given to the objective facts than to the taxpayers' mere statement of their intent. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., provides a list of relevant factors to be used in determining whether an activity is engaged in for profit. These factors include: (1) The manner in which the taxpayers carried on the activity; (2) the expertise of the taxpayers or their advisers; (3) the time and effort expended by the taxpayers in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success *626 of the taxpayers in carrying on other similar or dissimilar activities; (6) the taxpayers' history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayers; and (9) any elements indicating personal pleasure or recreation. Allen v. Commissioner, supra at 34. No one factor is conclusive. Thus we do not reach our decision by counting the factors which support each party's position. Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. without published opinion 607 F.2d 995 (2d Cir. 1979), affd. on another issue 615 F.2d 578 (2d Cir. 1980). Petitioner testified that he kept company expense and mileage ledgers, but failed to produce any books or records at trial. [2] Although respondent concedes that petitioners produced canceled checks drawn on the company checking account, most of the checks were payable to "cash" and did not indicate how the funds were spent other than a "miscellaneous" notation. *627 In 1990, petitioner held a bachelor of science degree in business, as well as licenses to sell, broker, and appraise real estate, and was in pursuit of a graduate degree in business administration. Nevertheless, by his own admission, his real estate ventures were often unsuccessful. Petitioner failed to seek advice from real estate experts and, as a result, made some significant errors in judgment. In addition, although he testified that the company earned gross revenues of $ 18,000 in 1988, petitioner offered no corroborating evidence of this claim and was unable to confirm that the company ever earned a profit. Petitioner testified that the time he spent on his real estate activities in 1990 was limited due to his full-time employment and pursuit of a graduate degree. Ms. Jordan claimed that she spent 8 to 10 hours a week showing homes to prospective buyers, yet testified that she did not show any homes in 1989 or 1990. Furthermore, while petitioners claim to have collectively driven 37,000 miles in 1990 in connection with the company, they neither sold nor bought any real estate during the taxable year at issue. Respondent argues that the deductions claimed in connection *628 with petitioners' real estate activities represent personal and living expenses. Petitioners offer nothing more than their own testimony to rebut this contention. It is well settled that we are not required to accept a taxpayer's self-serving testimony in the absence of corroborating evidence. Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992); Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978). Based on the record in this case and the foregoing analysis, we find that petitioners have failed to carry their burden of proving that they engaged in their real estate activity with an actual and honest profit motive. Furthermore, even if we had found an actual and honest profit motive, the deductions claimed by petitioners on their Schedule C would be disallowed for lack of substantiation. As stated, petitioner offered *629 no documentation to support his often ambiguous and inconsistent testimony. For example, he was unable to explain what the deductions for insurance, office equipment, and supplies represent. He conceded that he improperly deducted the entire amount paid for rent and utilities without prorating such expenditures into business and personal use. Petitioners claimed a business travel deduction in 1990 based on 20,000 miles driven by petitioner and 17,000 miles driven by Ms. Jordan. At trial, however, Ms. Jordan testified that her mileage related to the real estate activity only amounted to 75 to 100 miles per week (3,900 to 5,200 miles per year). No corroborating evidence or explanation of the discrepancy was offered by petitioners. Since petitioners failed to introduce any corroborating evidence to support their testimony, the record in this case does not provide sufficient evidence upon which to estimate an amount allowable. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Petitioners contend that they submitted documentation to respondent during the *630 examination process and, therefore, should not be penalized by their failure to present records at trial. Petitioners seem to be under the misconception that this Court and respondent regularly exchange information. The United States Tax Court is an Article I court and is separate from the Internal Revenue Service (IRS). Tax Reform Act of 1969, Pub. L. 91-172, sec. 951, 83 Stat. 730. The IRS is represented by Chief Counsel. Sec. 7452. Since this Court and the IRS are separate entities, documents submitted during an examination of a taxpayer's records do not become evidence in a case unless the documents are received into evidence and become part of the record. Because petitioners have the burden of proof, it is up to petitioners to introduce records at trial sufficient to substantiate deductions claimed. Rule 142(a). Based on the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In their post-trial brief, petitioners attached assorted documents, including canceled checks, mileage records, and contracts of sale. These documents were not received into evidence at trial and, therefore, are not part of the record in this case.↩